STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

April 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL K. SCHEETZ,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1286** (BOR Appeal No. 2047088)
                  (Claim No. 2010132809)

**WEIR-COVE MOVING & STORAGE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell K. Scheetz, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Weir-Cove Moving & Storage Company, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 28, 2012, in which the Board affirmed a March 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 2, 2011, decision denying a left L5-S1 decompression and instrumented fusion. The Office of Judges also affirmed the claims administrator's June 8, 2011, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scheetz worked for Weir-Cove Moving & Storage Company as a truck driver. On April 26, 2010, Mr. Scheetz injured his left little finger and his lower back in a motor vehicle accident. The claims administrator initially held the claim compensable for a fracture of the fifth metatarsal bone in his left hand, but the Office of Judges subsequently added lumbar sprain as a compensable condition of the claim. Mr. Scheetz initially received conservative treatment based on these compensable conditions, including physical therapy. Following the injury, Mr. Scheetz

1

underwent an x-ray which provided evidence of degenerative disc disease at L4-5 and L5-S1. An MRI was then taken of Mr. Scheetz's lumbar spine which revealed severe degenerative disc disease at L5-S1 with Grade I spondylolisthesis. Mr. Scheetz was then evaluated by Peter Gerszten, M.D., for a decompression and fusion surgery at L5-S1. Dr. Gerszten found that Mr. Scheetz's back problems were related to his spondylolisthesis, which he related to the compensable injury. Dr. Gerszten also stated that Mr. Scheetz was unable to work because of his injuries. On June 8, 2011, the claims administrator closed the claim for temporary total disability benefits. James Dauphin, M.D., then evaluated Mr. Scheetz and recommended against authorizing decompression and fusion surgery. Dr. Dauphin believed that the prior MRIs indicated that the surgery was related to a pre-existing degenerative condition. On September 2, 2011, the claims administrator denied authorization for the L5-S1 decompression and fusion surgery. Christopher J. Martin, M.D., then performed an independent medical evaluation. He found that Mr. Scheetz's complaints had initially been limited to pain in his little finger and that Mr. Scheetz had subsequently experienced back pain. Dr. Martin found that Mr. Scheetz had new onset of low back pain as a result of his compensable injury but that the structural problems in his back did not result from the compensable injury. According to Dr. Martin, there was no evidence of trauma at the site of Mr. Scheetz's spondylolisthesis. He found that Mr. Scheetz's spondylolisthesis was either congenital or degenerative in nature. On March 16, 2012, the Office of Judges affirmed the June 8, 2011, and September 2, 2011, claims administrator decisions. The Board of Review then affirmed the Order of the Office of Judges, leading Mr. Scheetz to appeal.

The Office of Judges concluded that Mr. Scheetz has not demonstrated that the requested surgery should be authorized. It concluded that there was insufficient evidence to overturn the claims administrator's decision to close the claim for temporary total disability benefits. In reaching this determination, the Office of Judges found that Dr. Martin's report was the most comprehensive and reasoned opinion in the case. The Office of Judges found that Mr. Scheetz's back pain pre-dated the compensable injury. The Office of Judges found that the abnormalities evident on the MRI scans, including Grade I spondylolisthesis at L5-S1, severe degenerative disc disease, and stenosis, were not caused by the compensable injury. The Office of Judges determined that the surgery was not related to an aggravation of the pre-existing condition. Finally, it determined that there was no evidence that Mr. Scheetz continued to be totally disabled after the claims administrator closed the claim for temporary total disability benefits. The Board of Review adopted the finding of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Scheetz has not demonstrated that the requested decompression and fusion surgery of the L5-S1 disc is medically related and reasonably required to treat his compensable injury. Dr. Martin's report shows that there is no evidence of trauma in the L5-S1 area of Mr. Scheetz's spine. Dr. Martin found that Mr. Scheetz's spondylolisthesis was either congenital or degenerative in nature. The Office of Judges was within its discretion in relying on Dr. Martin's report. Since the requested surgery is not related to the compensable injury, Mr. Scheetz is not entitled to any additional temporary total disability benefits while he is recovering from the procedure. Mr. Scheetz has not presented sufficient evidence to show that he continued to be temporarily and totally disabled following the claims administrator's decision closing the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum